UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| FONDA E. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | 5:21-CV-162-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KILOLO KIJAKAZI, ) | **and ORDER** |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\* \*\* \*\* \*\* \*\*

In 2016, Plaintiff Fonda E. Roberts filed applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI), alleging disability for both beginning on January 2014. After an ALJ initially denied her applications, the agency's Appeals Council remanded for additional proceedings. On remand, the ALJ again found that Plaintiff was not disabled. This decision became the Commissioner's final decision when the agency's Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Fully briefed (DEs 13 & 17), the matter is ripe for review.

**I.**

In denying Roberts' claim, the ALJ engaged in a five-step sequential process set forth in the regulations under the Social

Page **1** of **12**

Security Act. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Roberts had not engaged in substantial gainful activity since January 28, 2014, through the date of the ALJ's decision, which was issued on September 16, 2020. (AR at 24).

At step two, the ALJ determined that Roberts had the following severe impairments: arthritis/paresthesia of both hands, wrists, hips and knees; obesity; COPD in context of smoking; gastroesophageal reflux disease (GERD) with abdominal pain, status post cholecystectomy and left salpingo-oophorectomy with lysis of adhesions; degeneration of cervical, thoracic and lumbar spine; fibromyalgia; bilateral carpal tunnel syndrome; depression; and anxiety. *See* 20 CFR §§ 404.1520(c) and 416.920(c)). (*Id.* at 26-27). The ALJ also considered Roberts' denture and mouth "trauma" but found that such condition(s) was not severe. (*Id.* at 27).

At step three, the ALJ found that Roberts did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

Before proceeding to the next step, the ALJ determined that Roberts had the residual functional capacity ("RFC") to perform light work,

> … except no lifting/carrying more than 20 pounds occasionally, 10 pounds frequently; no standing/walking more than six hours out of an eight-hour day, and for no more than 30 minutes at one time; no sitting more than six hours out of an eight-hour day, and for no more than 30 minutes at one time. [Roberts] would be capable of unlimited pushing/pulling up to the above-listed exertional limitations; can perform unlimited balancing; no more than occasional stooping, kneeling, crouching, crawling or climbing ramps or stairs; can perform frequent handling or fingering; no climbing ladders, ropes or scaffolding. [She] must avoid work in areas with concentrated heat, cold, or humidity; must avoid concentrated dusts, flumes, gases or other pulmonary irritants; must avoid concentrated full body vibration, or use of vibrating hand tools; must avoid dangerous, moving machinery or unprotected heights. [She] would be capable of no more than simple, routine work; can persist in attention, concentration and pace for two-hour intervals necessary to complete simple tasks; no more than occasional interaction with co-workers or supervisors; no more than occasional contact with the general public; and no more than occasional changes in the workplace setting.

(AR at 29). *See id.* §§ 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."), §404.1567(b) (defining light work).

At step four, the ALJ found that Roberts was unable to perform any past relevant work. (AR at 33). At step five, the ALJ found that this RFC would allow Plaintiff to perform other work existing in significant numbers in the national economy (*Id.* at 34). The ALJ thus concluded that Roberts was not disabled (*Id.* at 35).

**II.**

Roberts[1] raises two overall challenges to the ALJ's decision. First, she argues that the ALJ's decision was not supported by substantial evidence, specifically because he relied on "incorrect results" of an MRI, or in other words, misinterpreted the MRI. (DE 13 at 8-10). Further, she argues that the ALJ failed to place the "appropriate" weight on the treating source opinion of Dr. Methul Suthar. (*Id*. at 10-12).

As the Supreme Court reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. It is met "if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotations omitted). A reviewing court is not empowered to conduct a *de novo* review, resolve conflicts in

---

[1] As an initial matter, as part of Plaintiff's request that the Appeals Council review the ALJ's decision, counsel submitted over 1,500 pages of additional evidence that was not before the ALJ (*see* AR at 2, 180-1716). The Commissioner argues that the Court may not consider this evidence in evaluating the Commissioner's final decision (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Yet the Commissioner's brief in support of his final decision is replete with citations to this supposedly irrelevant evidence.

evidence, or to decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709,713 (6th Cir. 2012). Rather, if the Court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id*. at 714.

After reviewing the record, in conjunction with the parties' summary judgment motions, the Court finds that the ALJ properly evaluated Roberts' purported complaints and all of the relevant evidence, and thus, his decision was supported by substantial evidence. Accordingly, the Court must affirm the Commissioner's decision.

**A.**

Tuning to Plaintiff's first argument, she challenges only the ALJ's consideration of one piece of objective medical evidence; namely, a July 2018 lower back magnetic resonance imaging (MRI) study (*see* AR at 2932).

Notwithstanding, it is important to note that the ALJ considered a host of other pieces of evidence— not just this MRI— in assessing Roberts' RFC. The ALJ cited to several x-rays (*id*. at 30) which displayed: a normal neck (cervical spine) (*id*. at 2482, 2492); mild degenerative changes in the middle back (thoracic spine) (*see id*. at 2694) a normal lower back (lumbar spine) (*id*. at 2482-83, 2486); mild degenerative changes in the hips (*id*. at

2483, 2489, 2553); a normal right knee (*id*. at 2123, 2154, 2554, 2564, 2966); and no significant degenerative changes in the left knee (*id.* at 2124, 2155-56, 2223).

Further, the neurosurgeon who "personally reviewed" the MRI on July 2018, found that Plaintiff's lower back showed only "mild degenerative disc disease [and that it was] not amenable to neurosurgical intervention." (*see* AR 3073). The ALJ specifically noted that Roberts' treatment notes consistently showed normal range of motion upon exam, and therefore, the medical evidence failed to support the frequency or severity of her allegations. (*Id*. at 30). Plaintiff's allegation that the ALJ did not consider the MRI is simply disingenuous. Indeed, in fashioning her RFC the ALJ found that she was rather limited— he just did not find the plaintiff as limited as the plaintiff would have liked. The court cannot reweigh the evidence to get to where the plaintiff thinks the ALJ should have gone. See *Ulman,* 693 F.3d at 709.

The ALJ also considered the course of plaintiff's treatment and the benefit she received, as well as her activities— both of which are valid considerations. *See* 20 C.F.R. § 404.1529(c)(3)(i)- (v). The ALJ did not ignore the fact that Plaintiff was unable to perform her daily activities without pain or limitation.

First, with regards to Plaintiff's late 2017 complaints of back pain, the ALJ noted her own admission that she had not taken pain medication in one year (AR at 30, 2856). Notably, too,

Plaintiff reported her chronic pain "continue[d] to benefit from the medications" during this year. (*Id*. at 2884). As to her conservative treatment, the ALJ noted that Roberts' treatment mainly consisted of injections and pain medication. (*Id*. at 30-31). And the record reflects that such treatment helped; specifically, in 2019 and 2020, the record demonstrates that Roberts continued to get therapeutic benefit from her medications, as well as from prior epidural steroid injections (*Id*. at 2903, 3080, 3112, 3179).

Complaints of pain alone are not enough to entitled plaintiff to disability benefits. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability...."); 20 C.F.R. §§ 404.1529(a); 416,929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). The ALJ contrasted Plaintiff's claimed difficulty in using her hands and arms with her testimony that she could "do significant activities that require handling and fingering, including gripping a steering wheel sufficiently to drive, dressing herself including use of buttons, hooks or zippers, or feeding herself and using and knife and fork to cut food" (AR at 31, 81-82).

The Court finds that more than a mere scintilla of evidence supports the ALJ's evaluation on this claim, and thus, substantial evidence supports the ALJ's RFC determination. *Cutlip v. Sec'y of*

*Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The ALJ thoroughly considered all of Plaintiff's objective evidence, among the other evidence, in fully evaluating her symptoms. Therefore, the Court declines Plaintiff's invitation to reweigh the evidence.

Finally, Roberts challenges only the ALJ's evaluation of Dr. Suthar's opinion. (DE 13 at 10-12). Dr. Suthar opined that Roberts constantly experienced serious pain, which effectively interfered with her attention and concentration; she was incapable of even "low stress" jobs; could walk only one block; could sit for 15 minutes at a time (and less than two hours in a workday); could stand for 15 minutes at a time; could stand or walk less than two hours in a workday; needed to be able to walk every 30 minutes for five minutes at a time; needed unscheduled breaks every day; could lift no more than 10 pounds; had postural limitations; had limitations on using her hands and arms; and would miss more than four days of work every month (AR at 2933-37); and that Roberts had a "limited ability to ambulate, stand, or sit for long periods of time" and was "not capable of lifting weight over 15 pounds" (*Id*. at 2988).

The ALJ is required to "evaluate every medical opinion" in the record. *See* 20 C.F.R. § 404.1527(d). Not all medical opinions, however, are treated equally. The opinions of treating physicians, "medical professionals most able to provide a detailed, longitudinal picture," are *generally* afforded the greatest

deference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). The ALJ can reject the opinion of the treating physician "if good reasons are identified for not accepting it." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (holding that an ALJ may reject the opinion of a treating physician if the treating physician's opinion is divorced from supporting objective evidence). Finally, treating physician opinions on issues reserved to the ALJ, such as an individual's RFC, are never given controlling weight. *See* SSR 96-5p.

There were a number of contrasting opinions from medical sources, who all opined on Plaintiff's abilities and vice versa, including: state agency psychological consultants Dr. Shambra Mulder and Dr. H. Thomson Prout (AR at 1725, 1757; state agency medical consultants Dr. Robert Brown and Dr. Diosado Irlandez (*Id.* at 1727-29, 1759-61); and treating physician Dr. Methul Suthar (*Id.* at 2933-37, 2988).

A primary factor relevant to the weight due a medical opinion is its consistency with other evidence. *See* 20 C.F.R. § 404.1527(c)(4). Here, the ALJ found Dr. Suthar's opinions were ever-changing. For example, in one opinion Dr. Suthar indicated that Plaintiff could lift no more than 10 pounds, but in another opinion, he found that Roberts could lift up to 15 pounds (*see* AR at 33, 2935, 2988). Too, the ALJ noted the inconsistency between Dr. Suthar's opinion that Roberts did not "have significant limitations with reaching, handing or fingering" while also opining that she could use her hands and fingers only 50% of the time and could never use her arms (*Id*. at 33, 2936). The ALJ reasonably found that this inconsistency rendered Dr. Suthar's medical opinion due little weight.

An ALJ may discount a medical opinion that is premised on subjective complaints rather than objective medical evidence. *See Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 425 (6th Cir. 2014) (unpublished) (the opinion of a treating source may be discounted "where that opinion was inconsistent with other evidence of record or the assessment relied on subjective symptoms without the support of objective findings"). The ALJ recognized that Dr. Suthar cited "primarily [to Roberts'] subjective complaints and muscle tightness, as well as an MRI showing nerve impingement that is not clearly noted in the evidence" (AR at 33, 2933).

The ALJ was not just limited to considering Dr. Suthar's (ever-changing) opinions; but rather, had to consider the record as a whole. The ALJ reasonably found that the objective medical evidence did not support Dr. Suthar's opinions as compared with that of the other medical sources, and that his opinions were too inconsistent. The Court thus cannot find fault with the ALJ's assessment on placing little weight on the treating physician.

### III.

In sum, the ALJ's decision adequately considered Roberts' medical history, testimony, and reported symptoms in determining that she has the RFC to perform light work with certain limitations. The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination. The ALJ appropriately evaluated the relevant factors and diminished the plaintiff's capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. The ALJ provided specific reasons for discounting Roberts' reported symptoms, and he explained why certain opinions were entitled to greater weight than others. Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

For the foregoing reasons,

**IT IS ORDERED** herein as follows:

(1) That the Commissioner's final decision be, and the same hereby is, **AFFIRMED**.

(2) That the Commissioner's motion for summary judgment (DE 17) be, and the same hereby is, **GRANTED**.

(3) That Plaintiff's motion for summary judgment (DE 13) be, and the same hereby is, **DENIED**.

(4) A separate judgment in conformity herewith **SHALL** this date be entered.

This the 26th day of August, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge